IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CITY OF ALEXANDER, ARKANSAS**                                                        **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:14cv17-KS-MTP**

**DEEP SOUTH FIRE TRUCKS, INC.**                                                       **DEFENDANT**


### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant Deep South Fire Trucks, Inc.'s Motion to Remand [5]. Although styled as a "Motion to Remand," the Court construes this filing substantively as a motion to dismiss for lack of subject matter jurisdiction since this action was originally filed in this Court. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that subject matter jurisdiction is lacking and this action will be dismissed without prejudice.

### I.  BACKGROUND

On February 5, 2014, the City of Alexander, Arkansas (the "City") filed its Complaint for Preliminary and Permanent Injunctive Relief [1] in this Court. The City seeks a preliminary and permanent injunction preventing Deep South Fire Trucks, Inc. ("Deep South") "from selling, leasing, encumbering or otherwise disposing of or diminishing the value of a fire truck and the equipment located on a fire truck . . . ." (Compl. [1] at p. 1.)  Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332.  In relation to diversity jurisdiction, the City alleges that it is a political subdivision of the State of Arkansas; that Deep South is a

Mississippi corporation; and, that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

The following circumstances, gleaned from the Complaint and its attachments, are pertinent to the subject motion. In May of 2008, the City entered into a Lease Purchase Agreement with Paul Anthony Graver d/b/a First Government Lease Company ("Graver") for a 1999 Freightliner FL80 fire truck (the "Fire Truck"). In October of 2013, Graver, by and through an agent, repossessed the Fire Truck. Litigation between the City, Graver, and other parties regarding Graver's right to repossess the Fire Truck and other matters subsequently ensued in the Circuit Court of Pulaski County, Arkansas. In November of 2013, Graver sold the Fire Truck to Deep South. The City requests that this Court enter a preliminary injunction prohibiting Deep South from leasing, selling, or otherwise disposing of the Fire Truck pending the final disposition of the aforementioned Arkansas state court action. A permanent injunction requiring Deep South to return the Fire Truck to the City is also sought.

On February 24, 2014, Deep South filed its Motion to Remand [5]. Deep South argues that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Deep South does not dispute that it and the City are of diverse citizenship. The motion has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

The City, the party invoking federal jurisdiction, bears the burden of showing that it exists in this case. *See Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001)), *cert. denied*, 134 S. Ct. 1307 (2014). Because the Complaint does not request a specific amount of damages, the City "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The amount in controversy is determined by the value of the object of the lawsuit when the plaintiff seeks injunctive relief. *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citation omitted). Further, "'[w]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy'". *Nationstar Mortgage LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). A court "may determine that subject-matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation and internal quotation marks omitted).

Clearly, the Fire Truck is the object of this litigation and the City questions Deep South's rights to it altogether. Not one of the various figures offered by the parties as the value of the Fire Truck ($50,000.00, $54,000.00, $63,333.33) exceeds the sum of $75,000. Therefore, the Fire Truck's value fails to support the exercise of diversity jurisdiction.

The City argues that the amount in controversy should be measured by the retail value of the Fire Truck ($63,333.33) *plus* the reasonable rental value of the Fire Truck

for the period of time between its repossession and the filing of the Complaint ($17,000.00). The City posits that under Mississippi law, a claimant "can recover loss of use damages for the loss of a vehicle, and those damages are calculated by determining the reasonable costs associated with the plaintiff's having to rent another vehicle." (Pl.'s Resp. to Mot. to Remand [10] at p. 1) (citing *Pelican Trucking Co. v. Rossetti*, 251 Miss. 37, 170 So. 2d 573, 573-74 (Miss. 1965); *Nat'l Dairy Prods. Corp. v. Jumper*, 241 Miss. 339, 130 So. 2d 922, 923 (Miss. 1961)).

There is one glaring problem with the City's contention that loss of use damages should be factored into the amount in controversy in this case. The City has not alleged any tortious conduct on the part of Deep South or a resulting request for damages. *Cf. Rossetti*, 170 So. 2d at 574 ("In case of tortious injury to a motor vehicle, the owner may recover . . . the reasonable value of its use during the time the owner was necessarily deprived of it.") (citing, *inter alia*, *Jumper*, 130 So. 2d 922). In addition, the City fails to cite any authority holding that loss of use damages are a component of the amount in controversy with respect to a complaint for injunctive relief. *Cf. LeVake v. Zawistowski*, No. 02-C-0657-C, 2003 WL 23200367, at *1, 5 (W.D. Wis. Oct. 10, 2003) (finding the plaintiffs' loss of use damage claims to be dubious in an action seeking injunctive relief *and* money damages). The rental value of the Fire Truck for the period of time the City has been dispossessed of it may be relevant to the City's replevin and conversion claims pending against Graver in Arkansas state court, but this measure of damages is irrelevant to the Complaint for Preliminary and Permanent Injunctive Relief [1]. The Court thus finds that the City has failed to prove by a preponderance of the evidence

that § 1332(a)'s amount in controversy requirement is met in this case.  This action must be dismissed for lack of subject matter jurisdiction as a result.

Deep South "requests that this Court award attorney's fees, expenses, and other costs associated with filing th[e] Motion to Remand."  (Def.'s Mot. to Remand [5] at ¶ 6.)  The Court presumes that this request is made under 28 U.S.C. § 1447(c) given the style of the subject motion and Deep South's plea for remand to the Circuit Court of Covington County, Mississippi.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  There will be no remand or award of costs and attorney's fees under § 1447(c) since this action originated in federal court.  The Court is authorized to "order the payment of just costs" whenever a suit is dismissed for lack of jurisdiction.  28 U.S.C. § 1919.  Nevertheless, § 1919 is "purely *permissive*" and the Court exercises its discretion to deny costs given the limited nature of the proceedings to date.  *Religious Tech. Ctr. v. Liebreich*, 98 Fed. Appx. 979, 986-87 (5th Cir. 2004) (citing *Miles v. California*, 320 F.3d 986, 988 n.2 (9th Cir. 2003)).

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [5] is granted in part and denied in part.  The motion is granted to the extent that the Complaint is dismissed without prejudice due to the absence of subject matter jurisdiction.  The motion is otherwise denied.  A separate judgment will issue pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 28th day of April, 2014.

                                    *s/ Keith Starrett*
                              UNITED STATES DISTRICT JUDGE